IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:

MIKE ALLEN EVANS,

    Debtor

CASE NO.: 10-23908-reb

CHAPTER 7

JULIE EVANS CHAPMAN,

    Plaintiff,

v.

MIKE ALLEN EVANS,

    Defendant.

Judge:    Robert E. Brizendine

Adversary Proceeding No. 10-2188
Objecting to Discharge of Certain
Debts of Debtor

## JOINT STIPULATION OF DISMISSAL

COME NOW Plaintiff Julie Chapman and Defendant Mike Allen Evans pursuant to Rule 41(A)(ii) of the Federal Rules of Civil Procedure and show the Court that the parties have resolved their differences over the matters that Plaintiff sought to address in the Action and Plaintiff has agreed to dismiss the Action, with prejudice, on the following terms and conditions:

1.

Plaintiff is the ex-wife of Defendant by virtue of a certain Final Judgment and Decree of Divorce entered by the Superior Court of Forsyth County, Georgia on January 4, 2004 in a certain Action styled <u>Julie J. Evans v. Mike A. Evans,</u> Civil Action File No. 03-CV-1015, Superior Court of Forsyth County, Georgia (the

"Divorce Action") and filed her Complaint Objecting to Discharge of Certain Debts of Defendant on or about November 29, 2010.

2.

The purpose of the Complaint was to protect the interests of Plaintiff and the parties' daughters with respect to (i) certain obligations of Defendant to Plaintiff for past support and past and future equitable division payments ("Plaintiff's Claims"), and (ii) certain obligations of Defendant to the parties' daughters for continuing child support obligation and college expenses (the "Daughters' Claims"), all as more particularly set forth in the Settlement Agreement entered into between the parties in the Divorce Action, it being Plaintiff's position that Plaintiff's Claims and the Daughters' Claims are in the nature of alimony, maintenance, or support and as such, are not dischargeable under the United States Bankruptcy Act.

3.

While Defendant recognized and agreed that some of Daughters' Claims were in the nature of alimony, maintenance, or support and not subjec to discharge in bankruptcy, Defendant did not agree that any of Plaintiff's Claims were such as should survive his discharge in bankruptcy.

4.

The parties negotiated in good faith regarding their differences over the dischargeability of Defendant's obligations to Plaintiff and the parties' daughters and eventually entered into a settlement letter agreement (the "Settlement Letter Agreement") dated September 16, 2011 (which was executed by both of the parties subsequent to that date) that addressed the issues between them to their mutual

satisfaction and which by its terms effectively modified the terms of their Settlement Agreement in the Divorce Action.

5.

As part of the Settlement Letter Agreement, Defendant agreed that with respect to Daughters' Claims, his continuing child support obligation and his obligation to pay for his daughters' college expenses are both in the "nature of support" and nondischargeable in bankruptcy, all as more particularly detailed in the Settlement Letter Agreement.

6.

In consideration of the foregoing and other good and valuable consideration, Plaintiff voluntarily agreed to relinquish and dismiss, with prejudice, all of Plaintiff's Claims against Defendant, but with the caveat that nothing contained in such dismissal would interfere with the rights of her and the parties' daughters to enforce the nondischarged terms of the Settlement Agreement in the future (with the exception of Plaintiff's Claims, which will be eliminated and forever discharged by filing this Joint Stipulation of Dismissal).

7.

This Joint Stipulation of Dismissal is being agreed to by Plaintiff pursuant to the terms and conditions of the Settlement Letter Agreement and nothing contained herein is intended to alter or modify the rights and obligations of Defendant, Plaintiff and the parties' daughters pursuant to the Settlement Agreement except as modified by the terms of the Settlement Letter Agreement.

8.

Since this Action and Plaintiff's Complaint pertained only to whether some of Defendant's obligations to Plaintiff and the parties' daughters which otherwise

would be discharged in bankruptcy are enforceable against him, there are no other creditors of Defendant that will be affected by the voluntary dismissal of this Action.

9.

Plaintiff desires to dismiss this Action, with prejudice, with prior notice to, and agreement of, counsel for Defendant as required by Rule 41 of the Federal Rules of Civil Procedure.

10.

Contemporaneously with the filing of this Joint Stipulation of Dismissal, Plaintiff has provided notice of same to the United States trustee and will provide such other and further notice to such other persons as the Court may direct.

WHEREFORE, in consideration of the foregoing, Plaintiff and Defendant respectfully request that the Court accept this Joint Stipulation of Dismissal and make an appropriate entry in the record of this Action.

Submitted as of April 10, 2012.

| | |
|---|---|
| LARRY C. OLDHAM, P.C. | MACEY, WILENSKY, KESSLER & HENNINGS, LLC |
| /s/ Larry C. Oldham | /s/ William A. Rountree |
| Larry C. Oldham | William A. Rountree |
| Georgia State Bar No. 551455 | Georgia State Bar No. 616503 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 416 Pirkle Ferry Road | 230 Peachtree Street, N.W. |
| Suite K-500 | Suite 2700 |
| Cumming, Georgia  30040 | Atlanta, Georgia  30303 |
| (770) 889-8557 (phone) | (404) 584-1200 (phone) |
| larryoldham@lcopc.com (email) | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:                                    :

MIKE ALLEN EVANS,                         :        CASE NO. 10-23809-REB

    Debtor.                               :        CHAPTER 7

                                         :

                                         :

JULIE EVANS CHAPMAN                        :        ADVERSARY PROCEEDING
                                                    NO. 10-2188
    Plaintiff,                            :
v.                                        :

                                         :

MIKE ALLEN EVANS,                         :

    Defendant.                            :

## CERTIFICATE OF SERVICE

    I hereby certify that on April 10, 2012, I served a copy of the within and foregoing **Joint Stipulation of Dismissal** to opposing counsel of record by electronic filing or placing a true and correct copy of same in the United States mail with adequate postage thereon and addressed as follows:

Paul A. Rogers, Esq.,          Larry C. Oldham, Esq.
Trustee                         Larry Oldham, P.C.
Buckley King, LPA             416 Pirkle Ferry Road
950 The Lenox Building        Suite K-500
3399 Peachtree Road          Cumming, Georgia 30040
Atlanta, Georgia 30326

230 Peachtree Street, N.W.      /s/ William A. Rountree
Suite 2700                    William A. Rountree, Bar No. 616503
Atlanta, Georgia 30303
(404) 584-1200